Oliver H. Jones, plaintiff in error, *vs.* Albin Sons & Company, defendants in error.

One who makes a conditional sale does not lose his rights under the contract because his attorney, in ignorance of its terms, takes a mortgage on the property from the purchaser to secure an unpaid part of the purchase money, especially when it does not appear that the contesting creditors of the purchaser acted upon or were misled by the fact of the mortgage being taken, or that there was fraud on the part of the seller, and it further appearing that the full value of the article so sold was allowed by the seller when he retook possession, and that even if he were forced to rely on the mortgage, it was for an amount greater than the value of the property, and had priority over the liens of such creditors.

Debtor and creditor. Mistake. Lien. Attorney. Mortgage. Before Judge Hopkins. Fulton Superior Court. March Term, 1874.

This was a claim case arising in the justice's court for the one thousand and twenty-sixth district of Fulton county. Albin Sons & Company were the plaintiffs in *fi. fa.,* Charles R. Groomes, the defendant, and Oliver H. Jones, the claimant. The plaintiffs introduced in evidence three *fi. fas.* in favor of Albin Sons & Company against Charles R. Groomes,

two of which were for $100 00 each, and the third for a less amount, with the entries thereon, showing a levy of each upon a hearse. The three cases were tried and disposed of together. The claimant admitted that the judgments on which said *fi. fas.* were issued were rendered in said justice's court, the first two on the 10th September, 1873, and the last on the 5th September, 1873, and that at the date of said judgments Charles R. Groomes was in possession of said hearse. Plaintiffs closed, and the claimant introduced W. R. Hammond, who testified in substance as follows : About the 17th June, 1873, W. M. Raymond & Company sent to his firm (D. F. & W. R. Hammond) for collection, four notes on Groomes & Reece, three for $100 00 each, and one for $124 75, with instructions to do the best they could with them. Said notes were for the balance of the purchase money for said hearse, which had been previously delivered to Groomes & Reece under a contract that the title was not to pass until paid for. All the purchase money for said hearse had been paid except the four notes aforesaid. On the 18th of June, 1873, D. F. & W. R. Hammond, not having in their possession said written contract, or knowing of the same, accepted from C. R. Groomes a mortgage, as well upon the said hearse as upon his stock in trade, to secure the said four notes, and also another demand of about $1,200 00 which they held for said Raymond & Company against Groomes. Shortly after accepting said mortgage—two or three days—Raymond & Company sent to witness, by mail, said written contract, and witness immediately replied that he would not have taken a mortgage upon the hearse if he had known its nature. He received no special reply from W. M. Raymond & Company. In August, 1873, said mortgage was foreclosed. Subsequently, the claimant, who held a mortgage on said hearse and other property against said Groomes, had the same foreclosed and levied, and advertised said hearse for sale. Witness then went to claimant and showed him the written contract and threatened to interfere and stop the sale as to the hearse. Claimant, after negotiating with witness, paid him $400 00; $375 00

Jones *vs.* Albin Sons & Company.

of this was for the said hearse, which witness, as the attorney of said Raymond & Company, then and there sold to him. Before making said sale, witness examined said hearse carefully, and found that it had been badly broken. The claim of said Raymond & Company for the balance due upon the hearse was $424 75, but witness took $375 00 for it, because he thought that was all it was worth in its then damaged condition; sold it for Raymond & Company under and by virtue of the written contract in evidence. The other $25 00 was paid on account of the balance of the mortgage indebtedness. Witness executed to claimant, on the back of said mortgage *fi. fa.*, a transfer of the same, and also of the right, title and interest of Raymond & Company in and to the hearse.

The claimant testified as follows: He held a mortgage on said hearse against Groomes, and on all the rest of his store property, except a few small things. This mortgage was taken prior to June 18th, 1873, and at that time he did not know of the conditional sale. After he foreclosed his mortgage, he ascertained that Groomes lacked $375 00 of paying up the purchase money, and by agreement with Groomes, he paid up the balance due and took a bill of sale directly to himself. The hearse had been broken, and cost, subsequently, $157 00 to repair it. Witness does not think it was worth, at the time he purchased, more than the amount he paid for it.

A. T. Finney testified: That since Jones bought the hearse he had it repaired for him at the cost of $157 00. At the time he took it for repair, it was not worth over $400 00. Its value will not exceed $800 00. As repaired and on sale in his shop, it would not bring more than one-fourth of its original cost.

The justice held the property not subject. On a writ of *certiorari* thereto the decision was reversed and claimant excepted.

D. F. & W. R. Hammond, for plaintiff in error.

Sidney Dell, for defendants.

Linton *vs.* The Mayor and Council of the City of Athens.

TRIPPE, Judge.

It was not denied on the argument of this case that the contract between Raymond & Company and Groomes & Reece for the hearse, was nothing more than a conditional sale, and that the title was not to pass until it was paid for. But defendants in error claim that as the attorneys of Raymond & Company took a mortgage on the hearse to secure the unpaid purchase money, they are estopped from denying the title of Groomes & Reece. This mortgage was taken by the attorneys in ignorance of the terms of the contract of sale. It does not appear that the other creditors of Groomes & Reece acted upon, or were misled by the fact that the mortgage was taken. When the agent of Raymond & Company took back the property, he allowed the full value of it, and nobody could have been damaged by the transaction. Moreover, the mortgages of Raymond & Company, and of Jones, the claimant, on this identical property, are both older than the judgments of the defendants in error, and have a priority over those judgments. Under these facts, we think the judgment of the justice court in holding the property not subject was right, and it was error to sustain the *certiorari* and to set that judgment aside. The doctrine of estoppel does not ap-apply to this case.

Judgment reversed.